IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

BRIDGET M. LONG,                )
                                )
          Plaintiff,            )
                                )
     v.                         )     1:13CV315
                                )
LIBERTYWOOD NURSING CENTER,     )
WILLIAM SCHULTZ, and DEBBIE     )
DRAUGHN,                        )
                                )
          Defendants.           )

## MEMORANDUM OPINION AND ORDER

**OSTEEN, JR., District Judge**

Plaintiff, proceeding pro se, filed a Complaint on April 17, 2013, and named as Defendants Libertywood Nursing Center, William Schutz and Debbie Draughn. (Complaint (Doc. 2).) The Complaint contains only limited allegations, specifically:

> Defendant violated my Equal Employment opportunity law privileges when the decision was made to not give me work as other situated employees, then I was told I was fired, and subsequently other white females were hired doing the same job that I was doing, but my employer could find no work for me at Libertywood Nursing Center.

(Id. at 2.) The relief requested includes "all relief granted by the 1991 Civil Rights Act for intentional employment discrimination that was imposed by me by Libertywood Nursing

Center management." (Id. at 4.) Attached to the back of the Complaint is an EEOC Determination as to Charge No. 435-2012-00928 and a copy of the original Charge of Discrimination in EEOC Charge No. 435-2012-00928. Although the "Determination" suggests that Plaintiff filed EEOC charges in 2010 and 2011, the only EEOC charge attached to the Complaint was signed on October 4, 2012, and received by the EEOC on October 9, 2012. (Id., Attach., Charge of Discrimination (Doc. 2-1) at 2.)

In response to the Complaint, Defendants filed an Answer including a motion to dismiss pursuant to Rule 12(b)(6). (Doc. 13 at 1.) In the brief in support of the motion to dismiss (Defs.' Mem. in Supp. of Mot. to Dismiss (Doc. 14)), Defendants allege the following grounds for dismissal[1]:

1. The Complaint fails to state a claim as to the individual defendants and should therefore be dismissed. (Id. at 4-5).

---

[1] Defendants' motion is filed as part of the answer and simply alleges that the Complaint is subject to dismissal pursuant to Fed. R. Civ. P. 12(b)(6). The specific grounds for the motion are set out in the brief but are not completely clear. Local Rule 7.3(b) requires that "[a]ll motions shall state with particularity the grounds therefor, . . ." Defendants are directed to follow that rule in the future, as the required practice aids opposing parties and this court in a determination of the specific grounds for a motion as well as providing a clear record and basis for a ruling of the court.

2. Plaintiff's action against the corporate defendant should be dismissed for failure to plead exhaustion before the EEOC. (Id. at 5-6).

3. Plaintiff's Complaint fails to allege a claim under Title VII because Plaintiff fails to state her race, that she is a member of a protected class, or that she was performing her job at a level that met the legitimate job expectations. (Id. at 7.)

Plaintiff has responded to Defendants' motion and the issues are ripe for ruling. Because this is a pro se Complaint, and to be liberally construed, this court finds that Defendants' motion should be granted in part and denied in part for the following reasons.

**Analysis**

As Defendants note, this court is required to liberally construe pro se pleadings and "a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007).

Plaintiff's Complaint is completely bare bones and certainly not a pleading format which is condoned or encouraged in this court, even for a pro se litigant. However, Plaintiff

did include, as an attachment to the Complaint, a copy of the EEOC charge filed on October 9, 2012. (Doc. 2-1 at 2.) "Generally, a court ruling on a motion to dismiss may rely on only the complaint and its proper attachments. A court is permitted, however, to rely on 'documents incorporated into the complaint by reference, and matters of which a court may take judicial notice.'" Dorsey v. Portfolio Equities, Inc., 540 F.3d 333, 338 (5th Cir. 2008)(citations omitted). See Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes."). Including consideration of Plaintiff's allegations contained in the Charge of Discrimination (Doc. 2-1 at 2), this court finds that Plaintiff has sufficiently pled one claim of unlawful retaliation in violation of Title VII as to Libertywood Nursing Center, Inc.

**I. Claim for Retaliation Under Title III**

To establish a prima facie claim for retaliation in violation of Title VII, a plaintiff must allege (1) that she engaged in protected activity; (2) that the employer took an adverse employment action against her; and (3) that a causal link exists between the protected activity and the adverse action. Coleman v. Md. Ct. of Appeals, 626 F.3d 187, 190 (4th

Cir. 2010), cert. denied, 564 U.S. \_\_\_\_, 131 S. Ct. 3059 (2011). A liberal construction of the complaint as well as the allegations contained in Plaintiff's Charge of Discrimination attached to the Complaint (Doc. 2-1 at 2) lead this court to conclude that Plaintiff has sufficiently pled a claim under Title VII of the Civil Rights Act of 1964 for retaliation by her employer.

When analyzing a Rule 12(b)(6) motion, the pleading setting forth the claim must be "liberally construed" in the light most favorable to the nonmoving party, and allegations made therein should be taken as true. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969). A court should not grant the motion if the plaintiff can show "any set of facts consistent with the allegations in the complaint." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 563 (2007) (citations omitted). A plaintiff need not plead detailed evidentiary facts, and a complaint is sufficient if it will give a defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests. See Bolding v. Holshouser, 575 F.2d 461, 464 (4th Cir. 1978). A "plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a

formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555 (citation omitted).

Here, Plaintiff's Complaint and the attachment allege that Plaintiff filed charges with the EEOC about her treatment, that she was thereafter not scheduled to work or allowed to return to work, and that other employees were discharged and new people hired even though Plaintiff was told there was no work available for her. Although limited, these allegations are sufficient to state a claim under the liberal construction rules applicable to pro se parties.

**II. Defendants' Other Objections to the Complaint**

Defendants also allege that Plaintiff failed to plead exhaustion before the EEOC. Generally, exhaustion is a prerequisite to filing a claim under Title VII. Jones v. Calvert Grp., Ltd., 551 F.3d 297, 300 (4th Cir. 2009)("Before a plaintiff may file suit under Title VII or the ADEA, he is required to file a charge of discrimination with the EEOC [Equal Employment Opportunity Commission]."). "[A] failure by the plaintiff to exhaust administrative remedies concerning a Title VII claim deprives the federal courts of subject matter jurisdiction over the claim." Id. However, that requirement is construed differently for a retaliation claim and not always

- 6 -

required within that context.  See id.; Nealon v. Stone, 958 F.2d 584, 590 (4th Cir. 1992).  Defendants have not addressed the possible application of this exception to Plaintiff's Complaint.  Nevertheless, in response to Defendants' motion to dismiss, Plaintiff did file the Notice of Right to Sue reflecting exhaustion as to the Charge of Discrimination attached to the Complaint.  Because this is a pro se complaint, this court declines to dismiss this action for retaliation based upon a failure to exhaust administrative remedies.  Plaintiff has filed the Notice of Right to Sue letter reflecting exhaustion as to the sole claim alleged in the Complaint.  However, to the extent any prior claims of discrimination were not described in the Complaint in any form, they are not considered alleged or a basis for relief in this case.

In light of this court's construction of Plaintiff's Complaint, this court also finds that any claims as to the individual Defendants should be dismissed.  The plain language of 42 U.S.C. § 2000e-3(a) makes it unlawful for any employer to discriminate against any employee.  "These amendments to the remedial scheme thus suggest that Congress only intended employers to be liable for Title VII violations."  Lissau v. S. Food Serv., Inc., 159 F.3d 177, 181 (4th Cir. 1998).

Furthermore, "supervisors are not liable in their individual capacities for Title VII violations." Id. Plaintiff has not alleged any fact to suggest that William Schutz and Debbie Draughn were anything other than, at most, supervisory employees. As a result, their motion to dismiss should be granted and the claims against the two individual Defendants shall be dismissed.

Finally, Defendants have objected to Plaintiff's affidavit (Doc. 17) and Plaintiff's arguments and statements as to matters outside the record and contained in the response (Doc. 16). (See Defs.' Mem. in Reply to Pl.'s Resp. to Defs.' Mot. to Dismiss (Doc. 19) at 1.) This court has considered the filing of the Notice of Right to Sue letter (Doc. 17-2) as part of the record. However, although this court has reviewed Plaintiff's other allegations in an effort to determine whether other claims may have been intended or alleged, this court agrees with Defendants that the affidavit and certain factual allegations in the response should not be considered at this stage. None of the allegations contained in the affidavit suggest that Plaintiff should be provided an opportunity to amend the Complaint before this Order is entered. Additionally, the

Determination (Doc. 16 at 4; Doc. 2-1 at 1) should not have been filed with this court and has not been considered by this court.

**IT IS THEREFORE ORDERED** that Defendants' motion to dismiss (Doc. 13, as more specifically stated in Doc. 14) is **GRANTED IN PART** and **DENIED IN PART**. The motion is **DENIED** as to Plaintiff's claim of retaliation in violation of Title VII as described in the Complaint and related attachment. The motion is **GRANTED** as to any other claim for relief.

**IT IS FURTHER ORDERED** that Defendants' motion to dismiss is **GRANTED** as to Defendants William Schutz and Debbie Draughn, and those Defendants are hereby **DISMISSED** from this action.

This the 28th day of January, 2014.

_____
United States District Judge