# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

BRIDGET M. LONG,            )
                            )
         Plaintiff,         )
                            )
    v.                      )      1:13CV315
                            )
LIBERTYWOOD NURSING CENTER, )
                            )
         Defendant.         )

**MEMORANDUM OPINION AND ORDER**

This matter comes before the Court on Defendant's Motion to Compel Initial Disclosures. (Docket Entry 31.) For the reasons that follow, the Court will grant Defendant's instant Motion, except as to its requests for sanctions, expense-shifting, and modification of the Scheduling Order.

BACKGROUND

Plaintiff's Complaint alleges racial discrimination and retaliation by Defendant, her former employer, in violation of Title VII. (Docket Entry 2 at 2-4; Docket Entry 2-1 at 2.) At the Initial Pretrial Conference, held on March 31, 2014, the Parties agreed to make the initial disclosures required under Federal Rule of Civil Procedure 26(a)(1)(A)(i) and (ii) by May 31, 2014. (See Docket Entry dated Mar. 31, 2014; Text Order dated Mar. 31, 2014.)[1] The Court explained that said initial disclosure provisions

---

[1] The Clerk's Office maintains a recording of the proceeding documented by the Docket Entry dated March 31, 2014.

mandated disclosure of the names and contact information for "each individual likely to have discoverable information - <u>along with the subjects of that information</u> - that the disclosing party may use to support its claims or defenses . . . . [and] a copy - or a description by category and location - of all documents . . . that the disclosing party may . . . use to support its claims or defenses," Fed. R. Civ. P. 26(a)(1)(A)(i) and (ii) (emphasis added). (<u>See</u> Docket Entry dated Mar. 31, 2014.)[2] Plaintiff then agreed on the record to provide those initial disclosures to Defendant by the established deadline. (<u>See</u> <u>id.</u>)

Defendant's instant Motion asserts that Plaintiff has not provided Defendant with a proper list of potential witnesses pursuant to Federal Rule of Civil Procedure 26(a)(1)(A)(i). (Docket Entry 31 at 2.) It further requests "that the Court impose sanctions upon Plaintiff for the failure to comply . . . [,] that [] Plaintiff be required to pay reasonable expenses, including attorney's fees, incurred because of [Plaintiff's noncompliance] . . . and that the Court delay deadlines under the Scheduling Order by 60 days." (<u>Id.</u>) In support of those requests, Defendant's instant Motion notes that, on April 24, 2014, Plaintiff filed a document with the Court entitled "Motion/Request that the Court

---

[2] The Court further encouraged Plaintiff to visit the Clerk's Office to obtain a copy of the Local Rules and directed the Clerk to send Plaintiff copies of the applicable Federal Rules of Civil Procedure. (<u>See</u> Docket Entry dated Mar. 31, 2014.)

Subpoena Witness for Trial and Response to Text Order Entered 3/31/2014," which includes a list of names, addresses, and telephone numbers, but does not identify any subjects of information. (See id. at 1-2; Docket Entry 28.) Before filing the instant Motion, Defendant sent Plaintiff a letter asking that she supplement the document she had filed with the Court by "add[ing] under each name the subjects of the information that [she] intend[s] to use to support [her] claim." (Docket Entry 31 at 5.)[3]

Plaintiff responded in opposition to Defendant's instant Motion, asking: "how is it possible that I might know what any witness will say on the stand. Even if a witness told me what they would say, at court time that could change." (Docket Entry 33 at 1.) In addition, Plaintiff's Response suggests that she need not provide any information to Defendant beyond the names, addresses, and telephone numbers of potential witnesses, because Defendant's counsel "can if he so desire [sic] depose every one of them, if his

---

[3] That letter makes no mention of the disclosure of documents required by Federal Rule of Civil Procedure 26(a)(1)(A)(ii). (See Docket Entry 31 at 5.) Nor did Defendant develop any argument that Plaintiff failed to disclose documents required by Federal Rule of Civil Procedure 26(a)(1)(A)(ii) in its instant Motion or related brief. (See Docket Entry 31 at 1-2; Docket Entry 32 at 1-4.) Accordingly, the Court will not order any relief related to that disclosure provision at this time. Plaintiff, however, remains subject to that disclosure provision and the related supplementation requirement under Federal Rule of Civil Procedure 26(e)(1). "If a party fails to provide information . . . as required by Rule 26(a) or (e), the party is not allowed to use that information . . . to supply evidence on a motion, at a hearing, or at trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1).

-3-

time has not expired.  He nor his client . . . should expect me to make a case for them, when they have no case." (Id.)  Finally, Plaintiff asserts in conclusory fashion that she "ha[s] complied with [the] [F]ederal [R]ules of [C]ivil [P]rocedure[] and under no circumstances should this [C]ourt impose[] the requested sanctions as suggested by [Defendant]." (Id. at 2.)  Defendant chose not to reply.  (See Docket Entry dated July 8, 2014.)

DISCUSSION

"The purpose of discovery is to provide a mechanism for making relevant information available to the litigants."  Fed. R. Civ. P. 26 advisory committee's note, 1983 amend.  Further, the United States Court of Appeals for the Fourth Circuit has declared that "[d]iscovery under the Federal Rules of Civil Procedure is broad in scope and freely permitted."  Carefirst of Md., Inc. v. Carefirst Pregnancy Ctrs., Inc., 334 F.3d 390, 402 (4th Cir. 2003).  In applying the foregoing principles, district judges and magistrate judges in the Fourth Circuit (including members of this Court) have repeatedly ruled that the party or person resisting discovery, not the party moving to compel discovery, bears the burden of persuasion.  See Kinetic Concepts, Inc. v. ConvaTec Inc., 268 F.R.D. 226, 243–44 (M.D.N.C. 2010) (citing cases).

Federal Rule of Civil Procedure 26(a) "seeks 'to accelerate the exchange of basic information about the case and to eliminate the paper work involved in requesting such information.'" Thurby v. Encore Receivable Mgmt., Inc., 251 F.R.D. 620, 621 (D. Colo. 2008) (quoting Fed. R. Civ. P. 26 advisory committee's note, 1993 amend.). "[V]oluntary disclosures . . . streamline discovery and thereby avoid the practice of serving multiple, boilerplate interrogatories and document requests, which themselves bring into play a concomitant set of delays and costs." Chalick v. Cooper Hosp./Univ. Med. Ctr., 192 F.R.D. 145, 150 (D.N.J. 2000). "The obvious purpose of the disclosure requirement of Rule 26(a)(1)(A) is to give the opposing party information as to the identification and location of persons with knowledge so that they can be contacted in connection with the litigation . . . ." Biltrite Corp. v. World Road Mktg., Inc., 202 F.R.D. 359, 362 (D. Mass. 2001) (internal citation omitted).

Plaintiff has acknowledged that the list of individuals she filed with the Court does not include subjects of information which they possess. (See Docket Entry 33 at 1.) She thus has not satisfied her duty to serve on Defendant a list of "each individual likely to have discoverable information - along with the subjects of that information - that [Plaintiff] may use to support its claims or defenses . . . ." Fed. R. Civ. P. 26(a)(1)(A)(i) (emphasis added). Plaintiff must provide such a list directly to

Defendant (through its counsel).  See Fed. R. 26(a)(1)(A). Plaintiff's suggestion that defense counsel should simply depose all identified witnesses to find out the subjects of information they possess and that she should not have to help Defendant make its case flies in the face of the purpose of discovery recognized by the Federal Rules of Civil Procedure and the Fourth Circuit. Accordingly, Plaintiff's interposition of those objections to Defendant's instant Motion does not satisfy her burden of persuasion as the party resisting disclosure.

Nor does Plaintiff's assertion that she cannot predict precisely "what any witness will say on the stand" (Docket Entry 33 at 1) relieve her of her obligation to identify the <u>subjects</u> about which potential witnesses may have knowledge.  In providing the subjects as to which individuals likely have knowledge, "a party is not necessarily required to provide a minute recitation of the putative witness' knowledge[; rather,] the Rule 26(a)(1)(A) disclosure should indicate 'briefly the general topics on which such persons have knowledge.'"  <u>Lobato v. Ford</u>, No. 05CV01437-LTB-CBS, 2007 WL 2593485, at *5 (D. Colo. 2007) (unpublished) (quoting Fed. R. Civ. P. 26 advisory committee's note, 1993 amend.).  "Thus, while a party is not required to provide a detailed narrative of the potential witness' knowledge, the Rule 26(a)(1)(A) disclosure should provide enough information that would allow the opposing party to help focus the discovery

-6-

that is needed . . . ." Lipari v. U.S. Bancorp, N.A., Civ. No. 07-2146-CM-DJW, 2008 WL 2874373, at *2 (D. Kan. July 22, 2008) (unpublished). Moreover, Rule 26 specifically provides that "[a] party must make its initial disclosures based on the information then reasonably available to it," Fed. R. Civ. P. 26(a)(1)(E) (emphasis added), further indicating that Plaintiff's professed lack of knowledge about the exact contours of the identified witnesses' ultimate testimony need not inhibit her from providing the information required by Federal Rule of Civil Procedure 26(a)(1)(A)(i). In sum, Plaintiff must "make a reasonable inquiry and [] provide[] [more than] 'a laundry list of undifferentiated witnesses.'" Guantanamera Cigar Co. v. Corporacion Habanos, S.A., 263 F.R.D. 1, 6 (D.D.C. 2009) (quoting Sender v. Mann, 225 F.R.D. 645, 651 (D. Colo. 2004)).

Defendant's instant Motion also seeks sanctions and expense-shifting against Plaintiff. (See Docket Entry 31 at 2.) In that regard, Defendant moves pursuant to Federal Rules of Civil Procedure 16(f)(2) (authorizing imposition of fees and costs for noncompliance with pretrial orders), 37(a)(3)(A) (permitting motion to compel initial disclosures and sanctions), 37(a)(5)(A) (providing for expense-shifting in connection with motions to compel), and 37(b)(2)(A) and (C) (allowing sanctions and/or expense-shifting for failure to obey a discovery order). (See Docket Entry 31 at 2; Docket Entry 32 at 1-4.) The Court, however,

should not order such relief if "other circumstances make an award of expenses unjust."  Fed. R. Civ. P. 16(f)(2), 37(a)(5)(A), 37(b)(2)(C).  Although "financial indigence by itself does not necessarily make an award of expenses unjust," Garity v. Donahue, No. 2:11CV1805-MMD-CWH, 2014 WL 1168913, at *5 (D. Nev. Mar. 21, 2014) (unpublished), the Court may consider that factor in determining how best to address an indigent litigant's noncompliance with discovery-related obligations, see, e.g., Baez v. Kennedy Child Study Ctr., No. 11 Civ. 7635(JMF), 2013 WL 705913, at *2 (S.D.N.Y. Feb. 29, 2013) (unpublished) (declining to award monetary sanctions against indigent plaintiff and instead dismissing case); Williams v. Platt, No. CIV-03-281-C, 2005 WL 1950267, at *2 (W.D. Okla. July 29, 2005) (unpublished) (declining to award expenses against indigent plaintiff and instead warning "that any future misconduct could result in dismissal of the suit").

Under the circumstances of this case, the Court declines to order monetary sanctions or expense-shifting against Plaintiff at this time; however, the Court puts Plaintiff on notice that any failure to comply with this Order or with her other discovery-

related obligations could result in sanctions against her, including dismissal of this action.[4]

CONCLUSION

Defendant has established grounds for relief under Federal Rule of Civil Procedure 37.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Compel Initial Disclosures (Docket Entry 31) is **GRANTED**, except as to Defendant's requests for sanctions, expense-shifting, and modification of the Scheduling Order.

**IT IS FURTHER ORDERED** that Plaintiff must serve upon Defendant, on or before August 1, 2014, a list of names of individuals likely to have discoverable information, including such individuals' addresses, telephone numbers, and the subjects of that

---

[4] As a final matter, Defendant's instant Motion requests "that the Court delay deadlines under the Scheduling Order by 60 days." (Docket Entry 31 at 2.) That request likely should have been "set out in a separate pleading," M.D.N.C. R. 7.3(a). Furthermore, Defendant has not articulated any specific justification for extending the deadlines in the Scheduling Order (see Docket Entry 31 at 1-2; Docket Entry 32 at 1-5) and the Court thus lacks a reasonable basis to conclude that good cause exists to support such relief, see Fed. R. Civ. P. 6(b)(1) ("When an act may be done within a specified time, the court may, for good cause, extend the time . . . ." (emphasis added)); see also M.D.N.C. R. 26.1(d) ("Motions seeking an extension of the discovery period . . . must set forth good cause justifying the additional time . . . ."). If the delay occasioned by Plaintiff's noncompliance with her disclosure obligations has caused specific prejudice to Defendant's ability to comply with any particular case management deadline, Defendant may seek consent from Plaintiff for an extension and, if Plaintiff declines to accommodate Defendant's request, Defendant may file a proper motion articulating good cause for any particular extension(s).

information.  Failure to comply with this Order may result in dismissal of this action.

                                    /s/ L. Patrick Auld
                                    **L. Patrick Auld**
                                    **United States Magistrate Judge**
July 23, 2014